IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SUSAN REYNOLDS PRESSLER,<br>    Plaintiff,<br><br>v.<br><br>ATTORNEY JAMES DONALD<br>REYNOLDS AND ASSOC., et al.,<br>    Defendants. | Case No. 1:24-cv-01438-JEH-RLH |

### Order

Now before the Court are Plaintiff Susan Reynolds Pressler's "Motion for a prejudice hearing" (D. 17) and "Motion to reconsider order 5-7-2025" (D. 18).[1] For the reasons set forth below, the Motions are DENIED.

On May 7, 2025, the Court screened the Plaintiff's Amended Complaint (D. 11) because it was filed together with a request to proceed *in forma pauperis* (IFP). *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (explaining that 28 U.S.C. § 1915(e) "directs courts to screen all complaints filed with requests to proceed IFP"). The Court ultimately found the Plaintiff's Amended Complaint was frivolous as her allegations separate and all together were fantastic, nonsensical, and unrealistic. 5/7/2025 Order (D. 15 at ECF pp. 3-4). The Court also found that even if not considered frivolous, the Plaintiff's Amended Complaint failed to state a claim where: she presented several disjointed stories, none of which held together; she did not provide any clarity as to who the actual defendants were, let alone their citizenship; some of her allegations pertained to

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

matters outside of this federal Court's jurisdiction; and she combined various occurrences, individuals, and entities together without rhyme or reason. *Id*. at ECF pp. 4-5. Lastly, the Court dismissed the Plaintiff's Amended Complaint with prejudice because her attempt at amending illustrated her inability to state a meritorious claim. *Id*. at ECF p. 5. The Court renewed a previous warning the Plaintiff received that if she continues to file clearly frivolous lawsuits, she will promptly thereafter be required to obtain Court approval to file any further lawsuits. *Id*. at ECF pp. 5-6. Judgment was entered in this case on May 7, 2025.

On May 12, 2025, the Plaintiff filed the instant "Motion for a prejudice hearing" (first Motion) and "Motion to reconsider order 5-7-2025" (second Motion). In the former, she requests a "prejudice Hearing" at the expense of the Court, states the "criminal act of dismissing a case with prejudice is against the law", and requests that the pro bono attorney she names appear. Pl.'s first Mot. (D. 17 at ECF p. 1). In the latter Motion, the Plaintiff again states the Court's dismissal of her Amended Complaint with prejudice "supports a criminal act on the review of this case", the case needs a prejudice hearing "against the judge and Associates" at the Court's expense, and the Court's continued warnings are unconstitutional. Pl.'s second Mot. (D. 18 at ECF p. 1).

Though the Plaintiff did not identify the local or federal rule under which her Motions were filed, in violation of Civil Local Rule 7.1(B)(1)[2], the Court considers her Motion to reconsider under Federal Rule of Civil Procedure 59(e). Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "To establish relief under Rule 59(e), a movant must demonstrate a manifest error of law or fact or present newly

---

[2] "[I]t is . . . well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quotation marks omitted).

Here, the Plaintiff does not present newly discovered evidence. Rather, she attached to her Motion to reconsider photographs that were submitted with her Amended Complaint and for which she did not provide any context or explanation (and the Court cannot discern their relevance).[3] The Plaintiff has also failed to show a manifest error of law. It was within the Court's authority to dismiss the Plaintiff's Amended Complaint with prejudice; indeed, the Court cited a case detailing the circumstances under which amendment *should* be allowed, finding the circumstances here were different. *See* 5/7/2025 Order (D. 15 at ECF p. 5) (quoting *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)); *see also James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 401 (7th Cir. 2006) (finding district court did not abuse its discretion in dismissing the plaintiff's complaint with prejudice where the court "could have quite reasonably believed that an amended complaint would suffer the same fatal flaws as the one before it"). The Plaintiff makes no argument as to the Court's reasoning for dismissing her amended complaint or for dismissing it with prejudice.

With regard to the Plaintiff's request for a prejudice hearing at the Court's expense, she failed to include authority supporting such a request. *See* Civil LR 7.1(B)(1) ("Every motion raising a question of law . . . must include a memorandum identifying the specific points or propositions of law and supporting authorities upon which the moving party relies . . . ."). The Court is unaware of any authority which would require it to hold a "prejudice hearing" under these circumstances. Significantly, the Court did as it was required to when it screened the Plaintiff's

---

[3] One photograph is partially obscured and shows a man and a woman, and the other photograph shows a room with a TV, lamp, a "1-ELVIS" license plate, and numerous other items with a 11 15 '99 date stamp. Pl.'s second Mot. (D. 18 at ECF pp. 2, 3).

3

Amended Complaint pursuant to Section 1915(e)(2). To the extent the Plaintiff seeks the appointment of pro bono counsel, the Court is also not required to provide that; even if the Plaintiff were granted IFP status, 28 U.S.C. § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel." *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

Lastly, a court has the authority to impose warnings against a plaintiff filing frivolous lawsuits. "A court may halt the abuse of the judicial process, which imposes substantial costs on people and businesses that have done no wrong. Everyone has a duty to avoid frivolous suits and arguments, and a person who cannot or will not abide by that rule must be stopped." *Reed v. PF of Milwaukee Midtown, LLC*, 16 F.4th 1229, 1232 (7th Cir. 2021); *see also Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (warning the plaintiff that he "should be aware . . . that persistence in filing frivolous claims or appeals can invite sanctions from the court[]"). In exercising its authority, a court may only do so in a way that is tailored to the abuse. *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006). At this point, the Plaintiff has received only a *warning* as to *future* restrictions on her ability to file lawsuits. Such a warning does not delve into constitutional territory in light of the authority cited herein.

For the reasons set forth above, Plaintiff Susan Reynolds Pressler's "Motion for a prejudice hearing" (D. 17) and "Motion to reconsider order 5-7-2025" (D. 18) are DENIED.

*It is so ordered.*

Entered on May 14, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE